NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS FLORES-HERNANDEZ,

Petitioner,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 17-72198

Agency No.
A205-869-013

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2026[**]
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and LIBURDI, District
Judge.[***]

Petitioner Carlos Flores-Hernandez, a native and citizen of Mexico, petitions

for review of the decision by the Board of Immigration Appeals affirming the

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT).[1] We review the denial of withholding of removal and CAT protection for substantial evidence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of withholding of removal. To qualify for withholding of removal, the applicant must "demonstrate that it is 'more likely than not' he would be persecuted on account of a protected ground if returned to the designated country." *Duran-Rodriguez*, 918 F.3d at 1029 (quoting 8 C.F.R. § 1208.16(b)(2)). A showing of past persecution gives rise to a rebuttable presumption of future persecution. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

The record supports the agency's conclusion that Flores-Hernandez did not establish past persecution on account of his status as a former police officer. Although Flores-Hernandez was assaulted during his tenure as a police officer, he was not physically harmed after resigning from the police force. After leaving the police force, Flores-Hernandez received verbal threats from individuals he had previously arrested, but those threats do not compel the conclusion that he experienced past persecution. *See Sharma*, 9 F.4th at 1064 (holding record did not

_____

[1] Flores-Hernandez does not challenge the denial of his application for asylum.

compel a finding of past persecution where threats did not lead to further physical harm to the petitioner or his family); *Duran-Rodriguez*, 918 F.3d at 1028–29 (same); *cf. Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) (granting petition where petitioners received a "specific and menacing threat," their "tires were slashed," and "their apartment had been ransacked in a particularly violent way").

The record also supports the agency's conclusion as to future persecution. As the agency explained, Flores-Hernandez was never physically assaulted after his resignation from the police force, his family in Mexico never suffered harm as result of his work as a police officer, and ten years have passed since he resigned. In light of that evidence, the record does not compel the conclusion that he would more likely than not be persecuted if removed. *See Lanza v. Ashcroft*, 389 F.3d 917, 934–35 (9th Cir. 2004) (holding evidence did not compel finding a clear probability of future persecution where the alleged conduct occurred more than ten years earlier and the applicant's brother continued to live in the country unharmed).

2. Substantial evidence supports the agency's denial of CAT protection. Given that Flores-Hernandez was never physically harmed after he left the police force and more than ten years have passed since his resignation, the record supports the agency's determination that it would be speculative to conclude that

3                                                                                  17-72198

he would more likely than not be tortured upon removal. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705–06 (9th Cir. 2022) ("CAT relief is forward looking, and Petitioner's previous kidnappings . . . do not establish that he continues to face a risk of future torture more than ten years later." (internal quotation marks omitted)).

Moreover, the record does not compel the conclusion that any torture would occur with the consent or acquiescence of a public official. *See Duran-Rodriguez*, 918 F.3d at 1029. While Flores-Hernandez contends that the "impunity with which the criminals . . . continued to beat, confront[,] and threaten him on public streets" demonstrates acquiescence by Mexican authorities, his argument is conclusory and does not point to any record support. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**